## REEVES v. CHAPMAN. (No. 1856.)

Court of Civil Appeals of Texas. Beaumont.
June 6, 1929.

Adams & McAlister, of Nacogdoches, for appellant.

J. J. Greve, of Nacogdoches, for appellee.

WALKER, J. This is a suit by appellee against appellant to set aside a judgment, in so far as it affected appellee, recovered by appellant in county court on the 27th day of January, 1928, against a man named Jones, as defendant, and appellee and another man named Harrington, as sureties upon Jones' replevy bond. Appellant's suit against Jones was upon a note and to foreclose a mortgage lien on an automobile. The suit was filed June 25, 1927, and sequestration was sued out, supported by a bond in statutory form. The automobile was seized under this writ, but replevied by the defendant, with appellee as one of his sureties. The affidavit was dated January 24, 1927. On the 24th of September, 1927, appellant sued out a second writ of sequestration, had the car seized a second time, and after Jones had executed a second replevy bond the car was redelivered to him. Upon the trial of that case Jones and the sureties on the two replevy bonds were represented by Judge V. E. Middlebrook, who filed for his clients a motion to quash both writs of sequestration. The ground for quashing the first writ was that the affidavit was executed on the 24th day of June, being the day before the suit was filed. Other grounds were advanced for quashing the second writ. For these reasons the motion insisted that the sequestration proceeding was absolutely void.

The issue as to the first writ was met on the trial of that case by proof that the date of the affidavit as of June 24th was a mistake, and that it was, in fact, executed on the 25th. The case was fully tried on its merits, and all defenses were heard. Appellant was represented by his attorney, Judge S. M. Adams, who appears for him on this appeal, and Jones and his sureties were represented by Judge Middlebrook. The trial resulted in a judgment in favor of this appellant for $206.90 against Jones, with foreclosure of the mortgage lien, and against appellee and his cosurety, Harrington, on their replevy bond for $206.90. When execution issued on this judgment against appellee as one of the sureties, he refused to pay it, and instituted this suit on June 22, 1928, to have the judgment against him set aside. Jones and Harrington were not made parties to the suit, and no relief was asked for or against them. Up-

on trial judgment was rendered in favor of appellee, setting aside the judgment and releasing him from all liability on his suretyship. Appellant has duly prosecuted his appeal from that judgment.

 Without stating any facts at all to support the mere allegations, appellee pleaded that the judgment was entered against him through "fraud," "accident," or "mistake," and that he was not guilty of any negligence in permitting the judgment to go against him. He also pleaded that, as a condition of signing the bond as surety, he requested Jones to deposit with his attorney, Judge Middlebrook, sufficient funds to satisfy the note and mortgage, which Jones did, and after the judgment was entered he pleaded that this money was returned to Jones without his knowledge or consent. Appellee in no way, by his pleading, connected appellant with this transaction, except by saying that Jones tendered a balance upon the note, which appellee refused to accept. He also pleaded that Jones told him that the defense was being represented by Judge Middlebrook, and that all parties would be prosecuted. Under the pleading it was satisfactory to him for Judge Middlebrook to represent all parties. The following is all the testimony offered by appellee in support of these allegations of his petition:

"My name is L. E. Chapman. Jones was working for me at the time I signed this bond, and he and the other fellow came to me and said that there was nothing to it. After I signed it, Jones later came to me and said Judge Middlebrook was representing him, and that he had paid V. E. Middlebrook, and that it was all over. I thought it was all attended to and over with, until the sheriff came out to my house with a writ of execution to collect this money. I was depending on Jones to take care of the matter, and I didn't have a lawyer. Mr. Jones told me that he had paid it off to V. E. Middlebrook, and I thought it was through. I went to see V. E. Middlebrook, and he said he had given the money back to Mr. Jones. That was after the execution issued. I didn't have a lawyer here at all. I thought it was all over, as Mr. Jones had told me. I don't know that Middlebrook represented Mr. Jones and myself both here at the trial of this case. I didn't know anything about it. I didn't try to get an attorney, because I thought it was settled. I relied upon what Mr. Jones had told me, and he said it was settled."

In his brief appellant abandons all issues of fraud, and relies upon "accident" and "mistake" to support his judgment. On the pleadings and facts adduced in support thereof, as the record is before us, the judgment in appellee's favor is wholly without support. The original case was fully tried, and the rights of Jones and all the sureties were represented by Judge Middlebrook, and, so far as the record shows, all legal rights of the parties were fully protected. There was no suggestion of accident or mistake in appellee's testimony. He submitted his defense willingly to Judge Middlebrook, and never at any time made any objection to Judge Middlebrook representing Jones or the sureties. He did not keep in touch with the progress of the case, though he knew it was pending for trial, and subject for trial at any regular term of court. Appellant made no representation to him, nor persuaded him to do anything in connection with the case, nor hindered him in any way in the presentation of his defenses. Appellant had nothing to do with the employment of Judge Middlebrook to represent Jones, appellee, and the other sureties, and made no agreement with Judge Middlebrook one way or the other, affecting the rights of his clients. When Judge Middlebrook tendered into court the sum that Jones admitted owing on the note, appellant refused to accept it, and the tender was withdrawn. In doing that appellant did appellee no wrong. Appellant had nothing to do with the return of the money to Jones, did not ask Judge Middlebrook to return the money, nor did he induce Jones to request Judge Middlebrook to return the money.

 It cannot be successfully contended that the execution of the second replevy bond as a matter of law, on the record before us, released appellee from his liability upon the first bond, so as to make absolutely void the court's judgment against appellee, fixing his liability under the first bond. The issues of the first case were developed by the pleadings, and the trial court heard the testimony adduced in support thereof, and in open court, with all parties present, either in person or by attorney, rendered the judgment appellee is now seeking to attack. That judgment was not void as a matter of law. If, on the facts of the case, judgment should have been in favor of appellee, he knew that in sufficient time to have perfected an appeal by writ of error, which he failed to prosecute. As the record stands before us, the judgment against appellee resulted entirely from his conduct in the protection of his rights. There being no accident or mistake, but the judgment having resulted from appellee's own negligence, the trial court erred in setting it aside. It follows that the judgment in favor of appellee must be reversed, and here rendered in favor of appellant.

Reversed and rendered.